Maureen K. Bogue (State Bar No. 194755)
maureen@pacificemploymentlaw.com
Christian Abella (State Bar No. 336957)
christian@pacificemploymentlaw.com
PACIFIC EMPLOYMENT LAW, INC.
260 California Street, Suite 500
San Francisco, CA 94111
Tel.: (415) 985-7300
Fax: (415) 985-7301

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| Karina Robles, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T Mobility Services, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:21-CV-00119<br><br>**DEFENDANT AT&T MOBILITY SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446**<br><br>Complaint Filed:   February 8, 2021 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant AT&T Mobility Services LLC ("AT&T Mobility"), hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332, to effect removal of the above-captioned action from the Superior Court of California, County of San Bernardino.

### I.   BACKGROUND

1. This removal involves an action that was filed on behalf of a single plaintiff in the Superior Court of the State of California for the County of San

1

**DEFENDANT AT&T MOBILITY SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO USDC PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No: 5:21-CV-00119**

Bernardino.  The action is titled "Karina Robles, individually v. AT&T Mobility Services, LLC, a Delaware limited liability company; and DOES 1-50, inclusive," Case No. CIVSB2105385 ("State Court Action").  The operative Complaint alleges ten (10) causes of action: (1)  Disability Discrimination; (2) Failure to Provide Reasonable Accommodations; (3) Failure to Engage in Good Faith Interactive Process; (4) Retaliation; (5) Retaliation for Reporting Illegal Violation; (6) Failure to Prevent Discrimination; (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Provide Meal Periods; (9) Failure to Provide Rest Periods; and (10) Continuing Wages. *See* Declaration of Christian Abella in Support of Defendant AT&T Mobility Services LLC's Removal of Civil Action to United States District Court Pursuant to 28 U.S.C. Sections 1441 and 1446 ("Abella Decl."), at ¶3, Exh. A.

2.  Plaintiff Karina Robles filed her Complaint on February 8, 2021.  *See* Abella Decl., at ¶3, Exh. A.

3.  Defendant AT&T Mobility was served with a copy of the Complaint by personal service on June 2, 2021.  Abella Decl. at ¶4, Exh. B.

4.  Defendant AT&T Mobility filed an Answer to the Complaint on June 30, 2021.  Abella Decl., at ¶5, Exh. C.

5.  Defendant is the only named defendant in the State Court Action.  The defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal.  28 U.S.C. § 1446(a).

## II.  TIMELINESS OF REMOVAL

6.  This Notice of Removal is timely filed as it is filed within one year of the commencement of this action (February 8, 2021) and within thirty days of service of the Complaint on AT&T Mobility.  *See* 28 U.S.C. § 1446(b)(1); Abella Decl. ¶¶2,3; Exhs. A, B.

/ / /

/ / /

### III. PROCEEDINGS IN STATE CO1RT

7. The Superior Court has set a Trial Setting Conference for September 23, 2021. There are no other proceedings scheduled in the Superior Court. Abella Decl. at ¶6. Exhibit A to the Abella Declaration constitutes all the pleadings filed in the Superior Court prior to the filing of this Notice of Removal.

### IV. JURISDICTION

8. The Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1441(a) and 28 U.S.C. section 1332 because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a State different from the only named Defendant, AT&T Mobility.

### V. DIVERSE CITIZENSHIP

9. Plaintiff Karina Robles' Citizenship: Plaintiff is domiciled in the State of California. Her current domicile is a home that she bought in 2016, located at 17611 Shamrock Avenue, Fontana, California. Abella Decl. ¶7. A public records search confirms that Plaintiff's address remains unchanged as of the date of this filing. Abella Decl. at ¶8, Exh. D. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff currently is, and has been at all times since this action commenced, a citizen of the State of California.

10. Defendant AT&T Mobility's Citizenship: AT&T Mobility, which seeks to remove this action, is not a citizen of California. The citizenship of a limited liability company (LLC) is based upon the citizenship of each of its individual members. *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016).

11. AT&T Mobility is now, and ever since this action commenced has been, a Delaware limited liability company, with principal places of business in Atlanta, Georgia and Dallas, Texas. *See* Declaration of Jackie Begue in Support of Defendant

3

**DEFENDANT AT&T MOBILITY SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO USDC PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No: 5:21-CV-00119**

AT&T Mobility Services LLC's Notice of Removal ("Begue Decl."), at ¶2. AT&T Mobility's headquarters and corporate officers of the Manager are in Atlanta, Georgia and Dallas, Texas, including individuals who make its operational, executive, administrative and policymaking decisions. *Id*. The majority of AT&T Mobility's executive officers principally conduct their business from headquarters in Atlanta, Georgia or Dallas, Texas. *Id*.

12. The sole member of AT&T Mobility is Cricket Holdco, Inc., a Delaware corporation with its principal places of business in Atlanta, Georgia and Dallas, Texas, including individuals who make its operational executive, administrative and policymaking decisions. *Id.* at ¶3. Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id*. at 78.

13. The majority of Cricket Holdco, Inc.'s executive officers principally conduct their business from headquarters in Atlanta, Georgia or Dallas, Texas. Begue Decl. at ¶3. Accordingly, AT&T Mobility is, and has been at all times since this action commenced, a citizen of the States of Georgia, Texas and Delaware for removal purposes.

14. In compliance with 28 U.S.C. § 1441(b)(2), "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for

the purposes of removal, the citizenship of Defendant sued under fictitious names shall be disregarded).

15. For diversity purposes, true diversity exists between Plaintiff (a citizen of California) and the sole named defendant, AT&T Mobility (a citizen of Georgia, Texas and Delaware.)

## VI.   AMOUNT IN CONTROVERSY

16. Federal district courts have original jurisdiction over civil actions where the amount in controversy of a plaintiff's claims exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

17. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). To establish jurisdiction, the short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

18. Plaintiff's damages exceed the $75,000 threshold in order for this Court to have original jurisdiction. Among other things, Plaintiff seeks damages for lost wages since her employment termination on or about February 14, 2019. Complaint, at ¶19. Plaintiff's annualized salary was $40,404 at the time of her termination. *See* Declaration of Jason Bunch in Support of Defendant AT&T Mobility's Notice of Removal ("Bunch Decl."), at ¶ 5. Considering only alleged lost back wages and not the value of past or future benefits or future lost wages, or any other form of damage that Plaintiff seeks, Plaintiff's alleged lost back pay exceeds $95,000 as of the date of the filing of this Removal. Accordingly, the amount in controversy exceeds $75,000.

19. As a separate and independent reason for meeting the jurisdictional minimum, on or about November 4, 2020, Plaintiff's counsel issued a demand letter to Defendant AT&T Mobility, demanding a "reduced" amount that far exceeds the $75,000 minimum required to satisfy jurisdictional requirements. Abella Decl., at ¶10.

5

**DEFENDANT AT&T MOBILITY SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO USDC PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No:  5:21-CV-00119**

## VII.   VENUE

Venue lies in the United State District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c); 1391(b), 1446(a) and Local Rule 3-2 of the Local Rules for the United States District Court for the Central District of California.  This action was originally brought in the Superior Court of the State of California, County of San Bernardino.

## VIII.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE SUPERIOR COURT

20.   Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

## IX.   CONCLUSION

WHEREFORE, Defendant AT&T Mobility Services LLC prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California.

Dated:  July 2, 2021                                           PACIFIC EMPLOYMENT LAW, INC.


                                                                     By:    /s/ Christian A. Abella
                                                                                Christian A. Abella
                                                                                Attorneys for Defendant
                                                                                AT&T MOBILITY SERVICES LLC

4827-2232-0369, v. 1