# EXHIBIT A

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
Alexander K. Spellman (SBN 250398)
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone:  818.630.7280
Facsimile:  888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
alexander@jlglawyers.com

*Attorneys for Plaintiff*
Karina Robles

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 08 2021

BY _____
ANAI CORTEZ-RAMIREZ, DEPUTY

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Karina Robles, individually,<br><br>Plaintiff,<br><br>v.<br><br>AT&T Mobility Services, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT **CIV SB   2 1 0 5 3 8 5**<br><br>1.  Disability Discrimination, Cal. Gov. Code § 12940<br>2.  Failure to Provide Reasonable Accommodations, Cal. Gov. Code § 12940<br>3.  Failure to Engage in Good Faith Interactive Process, Cal. Gov. Code § 12940<br>4.  Retaliation, Cal. Lab. C. § 98.6<br>5.  Retaliation for Reporting Illegal Violation, Cal. Lab. C. §§ 1102.5, 1102.6<br>6.  Failure to Prevent Discrimination, Cal. Lab. Code § 12940<br>7.  Wrongful Termination in Violation of Public Policy<br>8.  Failure to Provide Meal Periods, Cal. Lab. Code §§ 226.7, 512, Applicable Wage Order<br>9.  Failure to Provide Rest Periods, Cal. Lab. Code § 226.7, Applicable Wage Order<br>10. Continuing Wages, Cal. Lab. Code §§ 201, 202, 203 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11. Unfair Competition, Cal. Bus. & Prof. Code, § 17200 et seq.

**DEMAND FOR JURY TRIAL**

2

1.     Plaintiff Karina Robles, individually, brings this action against Defendants AT&T Mobility Services, LLC and DOES 1 through 50, inclusive.

### *PARTIES*

2.     Plaintiff is, and at all times relevant to this action was, a resident of San Bernardino County, California.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendant AT&T Mobility Services, LLC is a Limited Liability Company organized under the laws of the State of Delaware.

4.     Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

5.     Plaintiff is informed and believes and, on that basis, alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

6.     AT&T Mobility Services, LLC and Does 1 through 50, inclusive, are collectively referred to hereafter as "Defendants."

### *JURISDICTION AND VENUE*

7.     The amount of damages sought herein is greater than $25,000.  Hence this case is within the unlimited jurisdiction of this Court.

8.     This Court has jurisdiction over AT&T Mobility Services, LLC because at all times relevant, it is and was authorized to transact, and is transacting business in San Bernardino County, California.

9.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in San Bernardino County, California.

### GENERAL ALLEGATIONS

10.     Plaintiff began her employment with Defendants in or around June 2014. At the onset of her employment, she received overall positive performance reviews. In August 2016, Plaintiff was transferred to the Rancho Cucamonga location, where she was promoted as a Retail Sales Consultant. By 2017, Plaintiff's performance reviews indicated that she *"far exceeded"* her job standard.

11.     Throughout the duration of Plaintiff's employment, she did not receive all her mandated meal and rest periods. Plaintiff brought this issue up to management and nothing was done to remedy the situation.

12.     In response to Plaintiff's complaints about her missed meal and rest period, on information and belief, Defendants would fabricate Plaintiff's timecard to make it appear they were compliant in providing Plaintiff lawful meal and rest periods.

13.     Plaintiff sustained an injury at work in or around November 25, 2017. Plaintiff slipped due to the wet floor and sustained a lumbar spine injury. She immediately informed her manager, Amir Mashaki ("Mashaki"), who instructed Plaintiff to take an *"extended break"* but did not offer Plaintiff any medical attention. Plaintiff worked approximately another 3-4 hours even after her injury. When Plaintiff went home that evening, Plaintiff's back pain became progressively worse.

14.     The following week, Plaintiff complained to Mashaki and Assistant Manager, Francis Martinez ("Martinez"), about the pain she was experiencing from her fall. Plaintiff even showed Martinez her bruises and scratches from the injury sustained at work. Still, despite knowing her injury, Defendants failed to take corrective measures, and further neglected to refer her to a doctor or workers' compensation for treatment.

15.     Plaintiff proceeded to work despite having difficulty standing up or sitting up correctly. Plaintiff's physician confirmed that she had two fractured discs on March 14, 2018.

16.     Plaintiff opened a worker's compensation case in or around May 2018.

17.     By October 2018, Plaintiff was receiving chiropractic treatment three times a week. On information and belief, Plaintiff's workers compensation attorney forwarded all medical documents to Defendants, where Human Resources indicated to Plaintiff that everything was *"good;"* however, Plaintiff still received threats of termination letters.

4

18.     In January 15, 2019, Plaintiff received a Return-to-Work letter from Defendants informing her the date they expected her to report back to work, which also outlined the options available to her in the event that she was unable to comply with that date.

19.     Plaintiff did not respond directly to the letter but her worker's compensation attorney at that time communicated with the Defendants directly on her behalf. Defendants alleged that Plaintiff has been on an unexcused absence since September 25, 2018 and as a result, Defendants considered Plaintiff *"voluntarily resigned"* as of February 14, 2019.

20.     On October 30, 2020, Plaintiff exhausted her administrative remedies by obtaining a Right to Sue letter from the Department of Fair Employment and Housing, attached hereto as **Exhibit A.**

### *FIRST CAUSE OF ACTION*

*Disability Discrimination*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

21.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

22.     Government Code section 12940(a) provides in relevant part:

> It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, mental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

23.     Defendants wrongfully discriminated against Plaintiff based on Plaintiff's disability and history of disability.

24.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

25.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

26.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.  Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.  Instead, Defendants

terminated Plaintiff for failing to appear for work even though she needed to take a leave of absence due to Plaintiff's disability.

27.     Plaintiff was discharged in violation of the Fair Employment and Housing Act by Defendants due to Plaintiff's disability.

28.     Plaintiff suffered harm when she was discriminated against and discharged by Defendants.

29.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

30.     Under Government Code section 12940, Plaintiff is entitled to recover economic and noneconomic damages caused by Defendants' discriminatory practices based on Plaintiff's disability and violation of the Fair Employment and Housing Act.  Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

31.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### SECOND CAUSE OF ACTION

*Failure to Provide Reasonable Accommodations*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

32.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

33.     Government Code section 12940(m)(1) provides in relevant part:

It is an unlawful employment practice. . . (m)(1) [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.

34.     California Code of Regulations. Title 2 section 11068 provides in relevant part:

(a)  Affirmative  Duty.  An  employer  or  other  covered  entity  has  an

6

affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship.

. . .

(e) Any and all reasonable accommodations. An employer or other covered entity is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship. The employer or other covered entity shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity.

35.    Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

36.    Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

37.    Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

38.    Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disability so that she would be able to perform the essential job requirements.

39.    Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.  Instead, Defendants terminated Plaintiff for failing to appear for work even though she needed to take a leave of absence due to Plaintiff's disability.

40.    Plaintiff was discharged in violation of the Fair Employment and Housing Act by Defendants due to Plaintiff's disability.

41.    Plaintiff suffered harm when she was denied a reasonable accommodation by Defendants.

42.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

43.    Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic and noneconomic damages caused by Defendants' discriminatory practices based on Plaintiff's disability and violation of the Fair Employment and Housing Act.  Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

44.    The conduct of Defendants and each of them as described above was malicious,

1  fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

2  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

3  ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages

4  against each of said Defendants.

### THIRD CAUSE OF ACTION

*Failure to Engage in Good Faith Interactive Process*

*Cal. Gov. Code § 12940*

*(On Behalf of Plaintiff Against All Defendants)*

45.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

46.     Government Code section 12940(n) provides in relevant part:

> It is an unlawful employment practice. . . (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

47.     California Code of Regulations Title 2 section 11069 provides in relevant part:

> (a) Interactive Process. When needed to identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires a timely, good faith, interactive process between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition. Both the employer or other covered entity and the applicant, employee or the individual's representative shall exchange essential information identified below without delay or obstruction of the process.

48.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

49.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

50.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.

51.     Plaintiff requested that Defendants make reasonable accommodation(s) for Plaintiff's disabilities so that she would be able to perform the essential job requirements.

52.     Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process. Instead, Defendants terminated Plaintiff for failing to appear for work even though she needed to take a leave of absence due to Plaintiff's disability.

53.     At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

54.     Plaintiff was discharged in violation of the Fair Employment and Housing Act by Defendants due to Plaintiff's disability.

55.     Plaintiff suffered harm when Defendants failed to engage in a good faith interactive process with Plaintiff.

56.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57.     Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's economic and noneconomic damages caused by Defendants' discriminatory practices based on Plaintiff's disability and violation of the Fair Employment and Housing Act. Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

58.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### FOURTH CAUSE OF ACTION

*Retaliation*

*Cal. Lab. C. § 98.6*

*(On Behalf of Plaintiff Against All Defendants)*

59.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

9



60.   Cal. Lab. Code § 98.6 provides:

> (a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee . . . because the employee . . . engaged in any conduct delineated in this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee . . . or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

> (b)(1) Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer.

61.   Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

62.   Plaintiff made multiple complaints to Defendants about perceived illegal violations, as alleged above.

63.   Defendants retaliated against Plaintiff by terminating Plaintiff's employment, rather than investigating or addressing Plaintiff's complaints.

64.   Plaintiff was harmed.

65.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

66.   Pursuant to Cal. Lab. Code § 98.6(b)(3), Defendants are liable to Plaintiff for a civil penalty of ten thousand dollars ($10,000) for each violation.

67.   As a result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel.

68.   The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### FIFTH CAUSE OF ACTION

*Retaliation for Reporting Illegal Violation*

*Cal. Lab. C. §§ 1102.5, 1102.6*

*(On Behalf of Plaintiff Against All Defendants)*

69.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

70.   Cal. Lab. Code § 1102.5 provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

71.   Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

72.   Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful.

73.   Plaintiff complained about those perceived illegal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those illegal violations.

74.   As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices.

75.   Plaintiff was harmed.

76.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

77.   As a result of Defendant's conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great

1   anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in

2   the hiring of legal counsel.

3       78.    The conduct of Defendants and each of them as described above was malicious,

4   fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

5   Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

6   ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages

7   against each of said Defendants.

8   **SIXTH CAUSE OF ACTION**

9   *Failure to Prevent Discrimination*

10  *Cal. Lab. C. § 12940*

11  *(On Behalf of Plaintiff Against All Defendants)*

12      79.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

13  forth in this Complaint.

14      80.    Government Code section 12940(m)(2) provides in relevant part:

15  
16          It is an unlawful employment practice . . . (k) For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

17  

18      81.    Defendants wrongfully failed to take all reasonable steps necessary to prevent

19  discrimination of Plaintiff based on disability.

20      82.    Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discharge by

21  Defendants.

22      83.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

23      84.    Under Government Code section 12940, Plaintiff is entitled to recover Plaintiff's

24  economic and noneconomic damages caused by Defendants' unlawful practices.  Plaintiff is also entitled

25  to reasonable attorney's fees and costs pursuant to Government Code section 12965.

26      85.    The conduct of Defendants and each of them as described above was malicious,

27  fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

28  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

12
COMPLAINT

ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### SEVENTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

86.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

87.     The discharge of Plaintiff by Defendants violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of an employee's disability.

88.     Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

89.     Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating her due to her disability.

90.     Plaintiff was harmed.

91.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

92.     In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

93.     As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

94.     As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

95.     In light of Defendants' willful, knowing, malicious, and discriminatory conduct towards Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount to be determined at trial according to proof.

### EIGHTH CAUSE OF ACTION

*Failure to Provide Meal Periods*

*Cal. Lab. Code §§ 226.7, 512, Applicable Wage Order*

*(On Behalf of Plaintiff Against All Defendants)*

96.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

97.    Labor Code section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." *Id.* § 512(a).

98.    Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(b).

99.    Labor Code section 226.7 provides that any employer that "fails to provide an employee a meal . . . period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period . . . [wa]s not provided." *Id.* § 226.7(c).  Defendants are therefore liable to Plaintiff under section 226.7(c) for one additional hour of pay at the employee's respective regular hourly rates for each day that the meal period was not provided.

100.    On information and belief, Plaintiff was not provided with proper and timely meal periods in accordance with Labor Code sections 226.7 and 512, and the applicable IWC Wage Order. For every day that Plaintiff was not provided with proper, timely, and uninterrupted 30-minute meal period(s), Plaintiff is entitled to an additional one-hour wage premium.

101.    Accordingly, Defendants are liable to Plaintiff for damages according to proof, interest thereon, civil penalties, attorneys' fees, and costs of suit under section 226.7 of the Labor Code.

*NINTH CAUSE OF ACTION*

*Failure to Provide Rest Periods*

*Cal. Lab. Code § 226.7; Applicable Wage Order*

*(On Behalf of Plaintiff Against All Defendants)*

102.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

103.    Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(b).  During each rest period, employers must relieve their employees of *all* work-related duties and employer control.  *See Agustus v. ABM Security Services, Inc.*, 211 Cal.Rptr.3d 634, 647 (2016).

104.    On information and belief, Plaintiff alleges that Defendants never provided uninterrupted rest periods during the workday to Plaintiff.

105.    By failing to furnish Plaintiff with rest periods throughout Plaintiff's employment, Defendants violated the applicable Wage Order and Labor Code section 226.7.

106.    Labor Code section 226.7 provides that any employer that "fails to provide an employee a . . . rest . . . period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest period [wa]s not provided." Cal. Lab. Code § 226.7(c). Defendants are therefore liable to Plaintiff under section 226.7(c) for a premium of one additional hour of pay at the employee's respective regular hourly rates for each day that a rest period was not provided.  This premium is separate from the premium due on account of Defendants' failure to furnish meal periods.  *United Parcel Service, Inc. v. Super. Ct.*, 196 Cal. App. 4th 57, 70 (2011).

107.    Defendants' failure to comply with section 226.7 and the applicable Wage Order subjects Defendants to liability for civil penalties, damages, and restitution.

108.    Accordingly, Defendants are liable to Plaintiff under section 226.7 of the Labor Code for damages according to proof, interest thereon, civil penalties, attorneys' fees, and costs of suit.

*TENTH CAUSE OF ACTION*

*Continuing Wages*

*Cal. Lab. Code §§ 201, 202, 203*

*(On Behalf of Plaintiff Against All Defendants)*

109.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

110.    Labor Code section 201 provides, in pertinent part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

111.    Likewise, Labor Code section 202 provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

*Id.* § 202(a).

112.    Labor Code section 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [s]ections 201 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

*Id.* § 203(a).

113.    As detailed above, in violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked.

114.    Defendants have terminated the employment of Plaintiff, yet she is still owed compensation for all wages earned and all hours worked.  Accordingly, Plaintiff is entitled to the continuing wages set forth in section 203.

115.    Pursuant to Labor Code section 203, Plaintiff is entitled to continuing wages for up to thirty days, restitution and damages according to proof, interest thereon, civil penalties, attorneys' fees, and costs of suit.

### ELEVENTH CAUSE OF ACTION

*Unfair Competition*

*Cal. Bus. & Prof. Code § 17200 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

116.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

117.    As alleged above, Defendants have failed to provide Plaintiff all required meal and rest periods; failed to pay Plaintiff the required pay premiums for Plaintiff's missed meal and rest periods; and failed to pay Plaintiff her wages in a timely manner.

118.    On information and belief, by violating the provisions of the Labor Code and Wage Orders, Defendants have gained a competitive advantage and unfairly injured competitors in violation of Cal. Bus. & Prof. Code § 17203.

119.    The victims of these unfair and illegal business practices include, but are not limited to Plaintiff, Defendants' other employees, competing businesses, and the general public.  Plaintiff is informed and believes, and based thereon alleges, Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage.

120.    The identity of the precise persons to whom restitution should be made is a matter that can be ascertained from Defendants' records, which they are required to keep and maintain.

121.    Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5. Because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fees] award appropriate, and [because attorney's fees] should not in the interest of justice be paid out of the recovery, if any," Plaintiff requests an award of reasonable attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure. *Id.*

122.     Pursuant to Business and Professions Code section 17203, Plaintiff requests restitution and disgorgement of wages and premiums wrongfully retained by Defendants in violation of Business and Professions Code sections 17200 *et seq.*

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress and pain and suffering, according to proof as allowed by law;

2.     For an award of punitive damages as allowed by law;

3.     For restitution and disgorgement;

4.     For a declaratory judgment that Defendants has violated California public policy;

5.     For an award of prejudgment and post-judgment interest;

6.     For award of reasonable attorneys' fees, including but not limited to, as provided by California Labor Code Sections, 218.5, Government Code Section 12965(b), and California Code of Civil Procedure Section 1021.5;

7.     For all costs of suit; and

8.     For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: February 5, 2021                                     JAURIGUE LAW GROUP

*Sean Shahabi*

Michael J. Jaurigue
S. Sean Shahabi
Alexander K. Spellman
*Attorneys for Plaintiff*
Karina Robles

COMPLAINT

*DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

Dated: February 5, 2021

JAURIGUE LAW GROUP

*Sean Shahabi*

Michael J. Jaurigue
S. Sean Shahabi
Alexander K. Spellman
*Attorney for Plaintiff*
Karina Robles

19
COMPLAINT

Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 30, 2020

Kristina Fernandez
300 W. Glenoaks Blvd., Suite 300
Glendale, California 91202

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202010-11670430
      Right to Sue: Robles / AT&T Mobility Services, LLC

Dear Kristina Fernandez:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

October 30, 2020

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202010-11670430
Right to Sue: Robles / AT&T Mobility Services, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR
# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 30, 2020

Karina Robles
300 W. Glenoaks Blvd., Suite 300
Glendale, California 91202

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202010-11670430
      Right to Sue: Robles / AT&T Mobility Services, LLC

Dear Karina Robles:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 30, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Karina Robles

DFEH No. 202010-11670430

Complainant,

vs.

AT&T Mobility Services, LLC
1025 Lenox Park Blvd NE
Atlanta, Georgia 30319

Respondents

1. Respondent **AT&T Mobility Services, LLC** is an **employer AT&T Mobility Services, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Karina Robles**, resides in the City of **Glendale**, State of **California.**

4. Complainant alleges that on or about **February 14, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** Robles began her employment with AT&T Mobility Services, LLC ("AT&T") in or around June 2014. At the onset of her employment, she received overall positive performance reviews. In August 2016, Robles was transferred to the Rancho

-1-
*Complaint – DFEH No. 202010-11670430*

Date Filed: October 30, 2020

Cucamonga location where she was promoted as a Retail Sales Consultant. By 2017, Robles' performance reviews indicated that she "far exceeded" her job standard.

Robles sustained an injury at work in or around November 2017. Robles slipped due to the wet floor and sustained a lumbar spine injury. She immediately informed her manager, Amir Mashaki ("Mashaki") who told Robles to take an "extended break," but did not offer Robles any medical attention. Robles worked approximately another 3-4 hours even after her injury. When Robles went home that evening, Robles' back pain became progressively worse.

Robles went back to work the following day but she did not immediately file a formal complaint, thinking the pain would just go away. She did not seek medical attention on her own. Robles opened a worker's compensation case in November 2017.

Robles proceeded to work despite having difficulty standing up or sitting up correctly. Robles' physician confirmed that Robles had two fractured discs on March 14, 2018.

By October 2018, Robles was receiving chiropractic treatment three times a week. On information and belief, Robles' workers compensation attorney forwarded all medical documents to AT&T, where Human Resources indicated to Robles that everything was "good," but Robles still received threats of termination.

In January 15, 2019, Robles received a Return to Work letter from AT&T informing her the date they expected her to report back to work, which also outlined the options available to her in the event that she was unable to comply with that date. Robles did not respond. AT&T stated that she had been on an unexcused absence since September 25, 2018 and that AT&T considered Robles "voluntarily resigned" as of February 14, 2019.

Robles was wrongfully terminated on the basis of her disability, and was discriminated and retaliated against by AT&T.

Date Filed: October 30, 2020

VERIFICATION

I, **Michael J. Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On October 30, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, California**

Date Filed: October 30, 2020

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T Mobility Services, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Karina Robles, individually

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 08 2021

BY _____
ANAI CORTEZ-RAMIREZ, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil Division<br>247 West Third Street, San Bernardino CA 92415-0210 | CASE NUMBER: *(Número del Caso):*<br>**CIV SB   2 1 0 5 3 8 5** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

S. Sean Shahabi; Jaurigue Law Group; 300 W. Glenoaks Blvd., Suite 300, Glendale CA 91202; 818-630-7280

| DATE:<br>*(Fecha)* FEB 08 2021 | Clerk, by<br>*(Secretaria)* Anai Cortez-Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|



**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Michael J. Jaurigue (SBN 208123); S. Sean Shahabi (SBN 204710)
Alexander K. Spellman (SBN 250398)
Jaurigue Law Group
300 W. Glenoaks Blvd., Suite 300, Glendale, CA 91202
TELEPHONE NO.: 818-630-7280   FAX NO.: 888-879-1697
ATTORNEY FOR *(Name)*: Karina Robles

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: Civil Division

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 08 2021

BY _____
ANAI CORTEZ-RAMIREZ, DEPUTY

CASE NAME:
Karina Robles v. AT&T Mobility Services, LLC, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2105385 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:  11
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/05/2021

S. Sean Shahabi
(TYPE OR PRINT NAME)

*Sean Shahabi*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 1 of 2
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**                                    Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Karina Robles, individually,

Case No.: **CIV SB  2 1 0 5 3 8 5**

vs.

**CERTIFICATE OF ASSIGNMENT**

AT&T Mobility Services, LLC, et. al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General     ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Place of Business/ Place Where Causes of Action Arose     7875 Monticello Ave. Space 1012
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR     ADDRESS

Rancho Cucamonga     CA     91739
CITY     STATE     ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on February 8, 2021 _____ at Glendale _____,
California.

*Sean Shahabi*
Signature of Attorney/Party





RECEIVED

FEB 08 2021

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Robles -v- AT&T Mobility Services, LLC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2105385 |

JAURIGUE LAW GROUP
300 WEST GLENOAKS BLVD
STE  300
GLENDALE CA  91202

This case has been assigned to:  Bryan Foster in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  09/23/2021  at 9:00 AM in Department S22 - SBJC

Date:  3/23/2021                                        Nancy CS Eberhardt, Court Executive Officer

                                        By: _____
                                              Anai Cortez-Ramirez, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐   A copy of this notice was given to the filing party at the counter.

☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  3/23/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 3/23/2021 at San Bernardino, CA.

                                        By: _____
                                              Anai Cortez-Ramirez, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE:     _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed:  Yes ☐    No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐    No ☐   Please check type agreed to:  Private: _____    Court-sponsored: _____

8. **Related cases, consolidation, and coordination**:  Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate   ☐ **Trial dates requested: Yes** ☐   No ☐   Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

    _____          _____
    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY

    _____          _____
    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY